UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROMANE J. RICKELS, | ) | CASE NO. 3:07 CV 1987 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| JUDGE R. CUPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On July 3, 2007, pro se plaintiff Romane J. Rickels filed the above-captioned action under 42 U.S.C. §§ 1983 and 1985 against Ohio Third District Court of Appeals Judges R. Cupp, S. Shaw, T. Bryant, V. Preston, and R. Rogers. In the complaint, plaintiff alleges that he received unfavorable rulings from the Third District Court of Appeals. He seeks reversal of these judgments, reinstatement of his aunt's probate estate to the active docket of the Paulding County Probate Court, or in the alternative, distribution of all estate assets to him, and monetary damages.

**Background**

Although Mr. Rickels's pleading is 87 pages long, it contains very little information and is incomprehensible in many parts. Much of the background information contained herein was gleaned from the numerous exhibits attached to the complaint, and from Mr. Rickels's previous

case before this court. See Rickels v. Cupp, Case No. 3:06 CV 2066 (N.D. Ohio filed Aug. 29, 2006). It appears that this matter arises from a probate court case in Paulding County, Ohio. A guardianship had been established for Mr. Rickel's aunt, Minnie Rickels, through the probate court. Janet Goyings, Ms. Rickels's great niece, had been designated as her guardian. Minnie Rickels died in October 2002. Thereafter, Mr. Rickels produced a document in which Minnie Rickels purported to give all of her property to him. Using this document for support, he objected to the inclusion of Minnie Rickels's property in the final account of the guardian. He was unsuccessful. He appealed that decision to the Ohio Third District Court of Appeals and was, again, unsuccessful. Mr. Rickels then attempted to have the document probated as his aunt's Last Will and Testament. Once again, the court did not rule in his favor and found that the document lacked evidence of testamentary intent. He appealed that decision to the Third District Court of Appeals, but the probate court's ruling was upheld.

Thereafter, Mr. Rickels began filing numerous documents in the guardianship proceedings, the estate proceedings, the appellate proceedings and other matters. He submitted approximately 120 documents, 10 of which were Motions filed in the guardianship proceeding seeking to have the judgment set aside, and arguing that the court relied on false statements when it appointed Ms. Goyings as the guardian. The probate court found each of the Motions to lack merit. Mr. Rickels filed 30 Motions in the estate proceeding. Nine of those Motions sought to remove Ms. Goyings as the estate administratrix, and accused her of embezzling money from the estate and destroying the decedent's home by removing items from it. Each Motion was found to be meritless. Mr. Rickels then filed 12 Motions and several counterclaims in a declaratory judgment action brought by Ms. Rickels's other heirs. Mr. Rickels claimed the heirs filed the action

to discriminate against him and argued that the probate court lacked jurisdiction over the estate. The probate court denied the motions. Mr. Rickels filed at least two complaints in the Court of Common Pleas in which he alleged that Ms. Goyings improperly deleted his name as a beneficiary on a payable on death money market account, and accused her of making false representations to gain access to his aunt's safe deposit boxes.

Prompted by the voluminous and repetitive court filings, Ms. Goyings filed a complaint against Mr. Rickels seeking to have him declared a vexatious litigator under Ohio Revised Code § 2323.52(A)(3). Mr. Rickels filed a 59 page answer denying Ms. Goyings's allegations and a counterclaim for intentional infliction of emotional distress. Paulding County Common Pleas Court Judge J. David Webb held a bench trial on the matter in October 2005 and issued a decision in February 2006. Judge Webb found that Mr. Rickels's actions served merely to harass and injure Ms. Goyings and were not warranted under existing law or supported by a good faith argument. The court then concluded that Mr. Rickels was a vexatious litigator as defined by the Ohio Revised Code and prohibited him from filing or continuing any legal proceeding without prior leave of court. His counterclaim was dismissed. Mr. Rickels appealed these rulings to the Third District Court of Appeals but the decision of the Common Pleas Court was affirmed on July 3, 2006.

Mr. Rickels then filed an action in this federal court to essentially challenge all of those state court judgments. He listed six grounds upon which he believed he was entitled to relief, including claims for denial of equal protection as a pro se litigant, and denial of a protected liberty interest by the vexatious litigant judgment. That action was also dismissed as frivolous on October 4, 2006. Although the case was dismissed, Mr. Rickels continued to proceed as though the case

were still active by filing multiple Motions including Motions to Amend his complaint. This court eventually enjoined Mr. Rickels from filing any further documents in that case under penalty of a $100.00 fine per document.

Apparently undeterred, Mr. Rickels filed this action based on the same set of facts, raising essentially the same claims against the same defendants. He seeks class certification, restoration of the rights he claims he was denied, or in the alternative an award of the estate assets of which he claims he was deprived.

## Analysis

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). Mr. Rickels has filed numerous unsuccessful state and federal court cases to challenge the decision of the Paulding Probate Court. This matter is no longer open for discussion, as it is barred by the doctrine of res judicata. For the reasons set forth below, this action is dismissed and Mr. Rickels is enjoined from filing any future action in this court without first obtaining leave to proceed.

### Res Judicata

The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court

4

and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.  Mr. Rickels already presented these claims to this court in Case No. 3:06 CV 2066, which was considered by this court and denied on its merits. He is precluded from litigating this matter in federal court for a second time.

**Vexatious Litigator**

Mr. Rickels has already been sanctioned by this court for vexatious litigation practices and has been enjoined in the state courts due to repeated frivolous filings.  Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.  Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986).  Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others.  Id.  To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations

omitted)).[1]

       Mr. Rickels has established a pattern of filing complaints which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. Furthermore, it is apparent that unless he is enjoined, he will continue to file repetitive frivolous actions in our court in an attempt to overturn the decision of the Paulding County Probate Court. Accordingly, Romane J. Rickels is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing

---

[1] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered:

> (1) to return any document submitted by Mr. Rickels prior to him obtaining leave to file unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion; and
>
> (2) to refuse to accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Rickels files, unless and until leave is granted.

## **Conclusion**

Accordingly, this action is dismissed. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2] Furthermore, Romane J. Rickels is hereby enjoined from filing any new lawsuits or other documents without

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.

seeking and obtaining leave of court in accordance with the terms and conditions set forth in this Memorandum of Opinion and Order.

    IT IS SO ORDERED.

                                                    S/ JAMES G. CARR
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT